IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-51834 |
| OLMOS EQUIPMENT INC. | § | |
|     Debtor | § | CHAPTER 11 PROCEEDING |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING AND
APPROVING THE SALE OF EQUIPMENT
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
OUTSIDE THE DEBTOR'S ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE CRAIG A. GARGOTTA, U.S. BANKRUPTCY JUDGE:

NOW COMES, Olmos Equipment Inc. (the "Debtor" or "Olmos") and files its *"Motion for Order Authorizing and Approving the Sale of Equipment Free and Clear of All Liens, Claims and Encumbrances Outside the Debtor's Ordinary Course of Business"* (the "Sale Motion" or "Motion"). In support of the Sale Motion, the Debtor would respectfully show the Court as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 363 of the Bankruptcy Code.

## BACKGROUND

3. On August 12, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. Randy Osherow has been appointed Examiner in this case.

5. The Debtor has determined that based on the current economic condition and the Debtor's business operations, it is in the best interests of the Debtor, its bankruptcy estate, and its creditors to liquidate certain assets to generate funds to make payments to creditors.

6. To accomplish the liquidation of these assets, the Debtor has, contemporaneously with this Sale Motion, filed motions seeking to employ the PPL Group, LLC

and Myron Bowling Auctioneers (collectively, "PPL Group"), Ritchie Bros. Auctioneers (America) Inc. ("Ritchie Bros.") and Mel Davis Auctions ("Davis").

*A. Assets to be Sold*

7. The Debtor owns various pieces of equipment and machinery it used or uses in its business operations. The equipment, machinery and related items (the "Estate Assets") are more fully described on **Exhibits A, B, and C attached hereto.**

8. The Debtor believes the value of the Estate Assets will be maximized by auction through the services of the PPL Group, Ritchie Bros, and Davis.

*B. Authority*

9. Section 363(b)(1) of the Bankruptcy Code provides that, "the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts generally have applied four factors in determining whether to approve a sale pursuant to § 363 of the Bankruptcy Code: (i) whether a valid business justification exists for the proposed transaction; (ii) whether fair consideration is provided; (iii) whether the transaction has been proposed in good faith; and (iv) whether adequate and reasonable notice is provided. *See 240 North Brand Partners, Ltd. v. Colony GFP Partners, L.P. (In re 240 North Brand Partners, Ltd.),* 200 B.R. 653, 659 (9th Cir. B.A.P. 1996); *see also United States Internal Revenue Service v. Moberg Trucking, Inc. (In re Moberg Trucking, Inc),* 112 B.R. 362, 364 (9th Cir. B.A.P. 1990) (dissenting) (citing the four factors in determining whether a sale pursuant to § 363(b) should be approved).

10. As set forth herein, cause exists with respect to the sales encompassed within this Sale Motion.

*C. Notice*

11. An element for the approval of a sale under § 363(b) of the Bankruptcy Code is the requirement that interested parties receive adequate and reasonable notice. The Debtor has caused a copy of this Sale Motion to be served by e-mail, the Court's ECF system or First Class United States Mail upon the parties listed on the attached mailing matrix. The Debtor submits that no other or further notice need be provided.

12. The Debtor requests relief from the Court to permit it to sell the Estate Assets. An itemized listing of the equipment to be sold by PPL Group is attached hereto as **Exhibit A.**

An itemized listing of the equipment to be sold by Ritchie Bros. is attached hereto as **Exhibit B.** An itemized listing of the equipment to be sold by Davis is attached hereto as **Exhibit C.**

13. The Debtor proposes to sell the Estate Assets at auction to third party purchasers whose identities are unknown at this point. The property that is the subject of this Sale Motion is currently in the possession or control of the Debtor. In connection with such sale, he Debtor seeks the entry of an order following the conclusion of the sale hearing authorizing Olmos to, through the court approved auctioneers, to sell the assets and to consummate such other related and necessary transactions in connection therewith to the a purchasers with such assets to be transferred and conveyed free and clear of all liens, claims, interests and encumbrances. any and all such liens, claims, encumbrances, and other interests attaching to the net proceeds of the sale in the same validity and in the same order of priority as in the underlying Estate Assets. The claims, liens, encumbrances, and other interests, if any, asserted by any person or entity in or to any of the purchase price proceeds shall be in the same priority and subject to the same infirmities and defenses as existed with respect to the claims, liens, encumbrances, and other interests in the property prior to the sale.

The ad valorem tax lien for 2016 and prior years (if any) pertaining to the Estate Assets shall attach to the sales proceeds and the title company shall pay all ad valorem tax debt owed incident to the Estate Assets immediately upon closing and prior to any disbursement of proceeds to any other person or entity.

The ad valorem taxes for year 2017 pertaining to the Estate Assets shall be prorated in accordance with the Agreement and shall become the responsibility of the Purchaser and the year 2017 ad valorem tax lien shall be retained against the subject property until said taxes are paid in full.

14. Simultaneously with the filing of this Sale Motion, Debtor has filed motions to approve the employment of PPL Group, Ritchie Bros. and Davis.

15. The Estate Assets will be sold pursuant to auction on the terms set forth in each respective auction agreement with PPL Group, Ritchie Bros., and Davis.

16. The Debtor believes the sale of the Estate Assets is in the best interest of the Estate and its creditors. Debtor will take every action possible to realize the greatest value from the sale of these Estate Assets.

17. All Estate Assets are to be sold "as is" and the Debtor assumes no liability.

18. Olmos believes that approval of the proposed sale of the Assets to a successful Purchaser comports with Section 363(f)(2) of the Bankruptcy Code in that all creditors asserting valid interests in and against the Assets will consent to the transaction. Because the sales price exceeds the amount of claims secured by the Assets, the Debtor believes that the secured creditors will consent to the sale (with the express right, but not the obligation, to credit bid). To the extent that any creditor asserting a valid interest in and against the assets does not consent to the sale, Olmos believe that such creditor could be compelled to accept a money satisfaction of such interest in accordance with Section 363(f)(5) of the Bankruptcy Code.

19. In addition, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to insure a Bankruptcy Court's power to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 <u>Collier on Bankruptcy,</u> 105.01, at 105-2 (15th ed. 1993). Thus, this Court may exercise its equitable powers to grant the relief requested in this Motion

20. Finally, approval of a sale transaction as contemplated herein will help facilitate Olmos's ability to seek approval of a plan of reorganization or a structured dismissal and to distribute the sale proceeds in accordance with the priorities delineated in the Bankruptcy Code.

21. Bankruptcy Rules 6004(h) provide that an order authorizing the use, sale, or lease of property and an order authorizing the assumption and assignment of executory contracts or unexpired leases will be stayed for fourteen (14) days after entry of such approval orders unless the court orders otherwise. Because of the need to begin the sale process as promptly as possible, Olmos request that the Court order and direct that the order approving this Motion shall not be automatically stayed for fourteen (14) days.

**<u>Notice - Expedited Consideration</u>**

Olmos has submitted herewith a proposed order providing notice of the proposed sale procedures and the Procedures Hearing scheduled to consider same, which Olmos will serve on the Office of the United States Trustee, all parties identified on the service list maintained in this case and all creditors asserting a security interest in the Assets.

Federal Rule of Bankruptcy Procedure 6004 provides, in pertinent part, as follows:

> (a) Notice of Proposed Use, Sale, or Lease of Property. Notice of a proposed use, sale, or lease of property, other than cash collateral, not in

the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) . . . .

Fed.R.Bankr.P. 6004.

Federal Rule of Bankruptcy Procedure 9007 provides, in pertinent part, as follows:

When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

Fed.R.Bankr.P. 9007.

Olmos contends that the forms of notice set forth above and the period for scheduling the hearing on the sale comport with Bankruptcy Rules 6004, 6006 and 9007, constitute good and sufficient notice of the relief sought herein and of all hearings and procedures contemplated hereby.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order approving the sales in accordance with the terms and conditions set out in this Sale Motion and granting such other relief as is just and proper.

Dated: February 3, 2017.

**ERIC TERRY LAW PLLC**

By: */s/ Eric Terry*
Eric Terry
Texas Bar No. 00794729
4040 Broadway, Suite 350
San Antonio, TX 78209
Telephone: (210) 468-8274
Facsimile: (210)-319-5447

*COUNSEL FOR DEBTOR*

And

**LAW OFFICES OF WILLIAM B. KINGMAN, P.C.**
4040 Broadway, Suite 350
San Antonio, Texas 78209
Telephone: (210) 829-1199
Facsimile: (210) 821-1114

Email: bkingman@kingmanlaw.com

By: */s/ William B. Kingman*
    William B. Kingman
    State Bar No. 11476200
***COUNSEL FOR DEBTOR***

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing was served (i) by United States first class mail, postage prepaid, in accordance with the Federal Rules of Bankruptcy Procedure, to parties listed on the attached service list, and (ii) via email upon the parties that receive electronic notice in these cases pursuant to the Court's ECF filing system on this 3rd day of February, 2017.

    /s/Eric Terry
    Eric Terry

# LIMITED SERVICE LIST
## CASE NO. 16-51834

**DEBTOR AND COUNSEL**

Olmos Equipment Inc.
Attn: Larry Struthoff
PO Box 769020
San Antonio, TX 78245

Law Offices of William B. Kingman, PC
4040 Broadway, Suite 350
San Antonio, TX 78209

Eric Terry Law, PLLC
4040 Broadway, Suite 350
San Antonio, YX 78209

**GOVERNMENTAL ENTITIES**

Attorney General of U.S.
950 Pennsylvania Ave. NW
Washington, DC 20530

U.S. Trustee
615 E. Houston, Rm 533
San Antonio, TX 78295-1539

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

U.S. Attorney
Attn: BKCY Dept
601 NW Loop 410, Suite 600
San Antonio, TX 78216

Texas Comptr of Public Accts
P.O. Box 13528
Austin, TX 78711-3528

Texas Railroad Commission
Enforcement Division
Office of General Counsel
P.O. Box 12967
Austin, TX 78711

Bexar County Tax A/C
P.O. Box 839950
San Antonio, TX 78283-3950

**SECURED CREDITORS**

Caterpillar Financial
2120 West End Avenue
PO Box 340001
Nashville, TN 37203

Frost Bank
100 W. Houston
San Antonio, TX 78205

Albert Uresti, M. P.A.
Bexar County Tax Assessor
233 N. Pecos La Trinidad
Viste Verde Bldg, 2nd Floor
San Antonio, TX 78207

Ally Financial
Payment Processing Center
PO Box 78234
Phoenix, AZ 85062

De Lage Landen Financial Svcs
PO Box 41602
Philadelphia, PA 19101

Financial Pacific Leasing, Inc.
PO Bix 4568
Federal Way, WA 98063

John Deere Financial
Leasing Dept.
PO Box 6600
Johnston, IA 50131

Wells Fargo Financial Leasing
#901363999
PO Box 105743
Atlanta, GA 300348

**20 LARGEST UNSECURED**

James C. Weynand
c/o JTJB Enterprises
610 E. Market St., #3216
San Antonio, TX 78205-2740

Frost Bank
100 W. Houston
San Antonio, TX 78205

Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., #500
San Antonio, TX 78212

Internal Revenue Service
8700 Tesoro Drive
STOP 5340 SANC
San Antonio, TX 78217-6207

Holt CAT
19565 South W.W. White Rd.
San Antonio, TX 78222

Caterpillar Financial
2120 West End Ave.
PO Box 340001
Nashville, TN 37203-0001

John Deere Financial Leasing Dept.
PO Box 6600
Johnston, IA 50131-6600

Fuquay, Inc.
PO Box 310946
New Braunfels, TX 78131-0946

Pipelayers, Inc.
7580 Grissom
San Antonio, TX 78251

John C. Chunn
PO Box 396
1510 Avenue M, Ste. 102
Honda, TX 78861

Martin Marietta Materials, Inc.
5710 W. Hausman Rd., #121
San Antonio, TX 78219

Liberty Mutual Insurance
PO Box 8017
Wausau, WI 54402-8017

Texas Workforce Commission
101 E. 15th St.
Austin, TX 78778

Legal Concierge, Inc.
3975 McCreary Rd.
Allen, TX 75002

Lone Star Paving
11675 Jollyville, Ste. 150
Austin, TX 78759

National Funding – Wall Funding
9820 Towne Center Dr., Ste. 200
San Diego, CA 92121

Carlos Villareal Construction
9914 Tezel Rd.
San Antonio, TX 78254

IBTX Risk Services
10101 Reunion Place, Ste. 100
San Antonio, TX 78260

Cribley Enterprises, Inc.
12019 Nacogdoches Rd.
San Antonio, TX 78217

SA Quality Fence, Ltd.
13115 Wetmore Rd.
San Antonio, TX 78247

**PARTIES REQUESTING NOTICE**

Bethany F. Thompson
Thomas J. Walthall
Gardner Law
745 East Mulberry Ave., Ste. 500
San Antonio, TX 78212

Embrey Builders, LLC
c/o Gardner Law
745 East Mulberry Ave., Ste. 500
San Antonio, TX 78212

APAC-Texas, Inc.
c/o Gardner Law
745 East Mulberry Ave., Ste. 500
San Antonio, TX 78212

Robert L. Barrows
Warren, Drugan & Barrows, P.C.
800 Broadway
San Antonio, TX 78215

Randall A. Pulman
Thomas Rice
Ryan C. Reed
Pulman, Cappuccio, Pullen, Benson & Jones, LLP
2161 NW Military Hwy., Ste. 400
San Antonio, TX 78213

Don Stecker
Linebarger Goggan Blair & Sampson, LLP
711 Navarro St., Ste. 300
San Antonio, TX 78205

Attn: Gary W. Wright
United States Attorney for the Western District of Texas
601 NW Loop 410, Ste. 600
San Antonio, TX 78216

Jay W. Hurst
Assistant Attorney General
Bankruptcy & Collection Division
PO Box 12548
Austin, TX 78711-2548

Lisa M. Norman
Andrew Myers, P.C.
3900 Essex Lane, Suite 800
Houston, TX 77027-5198

Calvin L. Cowan
Sanderford & Carroll, P.C.
210 Birdcreek Dr.
Temple, TX 76502

Keith P. Miller
Law Offices of Keith P. Miller, P.C.
14350 Northbrook Dr., Ste, 150
San Antonio, TX 78232

Michael L. Davis
14350 Northbrook Dr., Ste. 150
San Antonio, TX 78232

Ed Phillips, Jr.
E. Phillips Legal, P.C.
215 W. Bandera, Ste. 476-114
Boerne, TX 78006

| | | |
|---|---|---|
| John M. Castillo<br>Farrimond Castillo &<br>Bresnahan, P.C.<br>130 E. Travis St., Ste. 350<br>San Antonio, TX 78205<br><br>Beth Horton<br>Caterpillar Financial Services<br>Corporation | 2120 West End Avenue<br>Nashville, TN 37203<br><br>Frank J. Wright<br>Coats Rose, P.C.<br>14755 Preston Rd., Ste. 600<br>Dallas, TX 75254<br><br>Zachary J. Fanucchi | Barton, East & Caldwell,<br>P.L.L.C.<br>700 N. St. Mary's Street,<br>Suite 1825<br>San Antonio, Texas 78205<br><br>Randolph Osherow<br>342 W. Woodlawn, Ste. 300<br>San Antonio, TX 78212 |