IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-51834 |
| OLMOS EQUIPMENT INC. | § | |
| Debtor | § | CHAPTER 11 PROCEEDING |

**DEBTOR OLMOS EQUIPMENT INC.'S EXPEDITED MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

Now comes Debtor, OLMOS EQUIPMENT INC. ( "Olmos"), and submits this Motion pursuant to Sections 105(a), 363(b), (f) and (m), and 365 of the Bankruptcy Code, and Bankruptcy Rules 6004, 6006, 9006 and 9007 and seek the entry of an order (i) approving the Agreement with the proposed purchaser; (ii) authorizing and approving the sale of Real Property to any such Purchaser free and clear of all liens, claims, interests and encumbrances; and (iii) waiving the automatic 14 day stay following entry if such order under Bankruptcy Rules 6004(g) and 6006(d) in order to permit Olmos to immediately consummate the sale of the Real Property to Purchaser.

In support of this Motion, Olmos respectfully avers as follows:

### Introduction

1. On August 12th, 2016 (the "Petition Date"), Debtor Olmos Equipment Inc. ("Olmos") filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Code") with the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. On May 1st, 2017, this Court entered the Order Confirming the Debtor's First Amended Plan of Reorganization, as Modified [Docket #258] (the "Confirmation Order") which confirmed the Debtor's First Amended Plan of Reorganization [Docket #183] with the modifications as set forth in Docket #240 and those announced in open court as set forth in the Confirmation Order (the "Plan").

3. Olmos is liquidating its assets pursuant to the provisions of the Plan and is not required to get further Court approval to do so. However, because of the need to obtain the Internal Revenue's consent to the proposed sale contemplated herein, Olmos seeks Court approval of the sale

with notice and opportunity for hearing being provided to the Texas Workforce Commission and the Internal Revenue Service (the "IRS"), the lienholders asserting liens on Olmos' real property located on Fischer Road in San Antonio, Texas (the "Real Property").

4. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U. S.C. Sections 1 57(b)(2)(A), (N) and (O). Venue of Debtor' Chapter 11 cases and this Motion in this District is proper pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007.

5. Pursuant to the terms of the Plan, Olmos employed Colglazier Properties ("Colglazier") as its real estate broker to liquidate all of its real estate, including the Real Property. Colglazier has offered the Real Property for sale to multiple parties over the last three to four months.

6. After conferring with prospective buyers and considering the condition of the Real Property, Olmos determined that the offer by Charles A. Timms, Jr. ("Timms") described in Exhibit "A" attached hereto was the best offer for the Real Property, especially in light of the fact that Timms wants to consummate the sale on or before July 31st, 2017.

7. By this Motion, Olmos seeks the entry of an order authorizing Olmos to sell the Real Property and consummate such other related and necessary transactions in connection therewith to Timms with such Real Property being transferred and conveyed free and clear of all liens, claims, interests and encumbrances.

**Proposed Sale of Assets of Olmos Equipment Inc. to Purchaser**

8. As set forth in Exhibit "A" attached hereto, Olmos' sale of the Real Property to Timms is for a purchase price of $200,000.00 and on an "as is, where is basis". In with such "as is, where is" condition, Olmos notes that a portion of the Real Property is located on a former City of San Antonio/Bexar County, Texas landfill and that the Real Property has 5-6 oil and gas wells, which are the subject of an oil and gas lease that may not be in effect at this time.

9. The sale of Real Property of Olmos is to be free and clear of any and all liens, claims, interests and encumbrances.

**Miscellaneous Provisions**

10. Olmos seek authorization to take such action and to execute and deliver any approved earnest money contract and such other documents, agreements and instruments as may be necessary or advisable to effectuate the terms thereof or any other Court approved sale, provided that the Olmos may not agree to any material modification to an approved contract or ancillary documents without order of the Court.

**Good Faith Purchaser Designation**

11. As part of the relief sought by Olmos asks the Court designate the successful Purchaser as a good faith purchaser, as such term is utilized in Section 363(m) of the Bankruptcy Code. Such designation can be made by a Bankruptcy Court in the context of a sale of assets of Olmos after it has been established that the proposed purchaser is an unrelated third party, not affiliated with or having any insider relationship with Olmos, and when the proposed transaction is for fair value and is the result of arms length negotiations between the parties. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986). In connection herewith, Timms does not have any interest in Olmos and the negotiations between Timms and Olmos have been on an "arms length" basis.

12. With respect to the proposed transactions, Olmos believes that Timms qualifies for designation as a good faith purchaser in that: (a) they will not be affiliated in any way with Olmos, and (b) he has negotiated in good faith and at arm's length with Olmos' management and Colglazier's representative, John Durbin.

**Best Interests Of The Estate**

13. Olmos believes that the sale of the Real Property as requested herein and set forth in detail in Exhibit "A" provide a significantly greater realization of funds for the Real Property than the liquidation value that would be obtained if the Real Property were not sold expeditiously, as interest on the lienholders' secured claims continues to accrue on a daily basis.

14. Section 363(b) of the Bankruptcy Code provides that a Debtor in possession ". . . after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Under the prevailing case law, a sale under Section 363(b) requires that the Court "expressly find from the evidence presented . . . a good business reason" to approve the sale. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063,

1071 (2d Cir. 1983). Accord Stephens Industries, Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

15. Olmos believes, and therefore avers, that the present circumstances of this bankruptcy case warrant approval of the sale of the Real Property under the standard articulated in Lionel. Thus, a sale of Real Property is appropriate as such transaction shall represent the exercise of sound business judgment on the part of Olmos

16. Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if
>
> (2) such entity consents ; or
>
> \* \* \*
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f)(2), (5).

17. Olmos believes that approval of the proposed sale of Real Property to Timms comports with Section 363(f)(2) of the Bankruptcy Code in that all creditors asserting valid interests in and against Real Property will consent to the transaction. It should be noted that the proceeds of the sale shall satisfy the Bexar County Tax Assessor's claims relating to the Real Property and the Texas Workforce Commission's allowed secured claim. However, only a portion of the IRS' secured claim shall be satisfied from the sale of the Real Property. Therefore, to the extent that any creditor asserting a valid interest in and against Real Property does not consent to the sale, Olmos believes that such creditor could be compelled to accept a money satisfaction of such interest in accordance with Section 363(f)(5) of the Bankruptcy Code.

18. In addition, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to insure a Bankruptcy Court's power to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 Collier on Bankruptcy, 105.01, at 105-2 (15th ed. 1993). Thus, this Court may exercise its equitable powers to grant the relief requested in this Motion.

19. Finally, approval of a sale transaction as contemplated herein will help facilitate Olmos' ability to seek comply with the terms of the Plan and the Confirmation Order and to distribute the sale proceeds in accordance with the priorities delineated in the Bankruptcy Code.

**Notice - Expedited Consideration**

20. Because Timms and Olmos would like to consummate this sale on or before July 31st, 2017 and because interest on the secured creditors' claims continues to accrue daily, Olmos seeks expedited approval of the sale. Olmos has previously notified all of the secured creditors' counsel of the proposed sale and has, simultaneously herewith served this motion on the Office of the United States Trustee, all parties identified on the limited service list maintained in this case and the creditors asserting a lien on the Real Property. Counsel for the IRS consents to the expedited consideration of this motion.

21. Federal Rule of Bankruptcy Procedure 6004 provides, in pertinent part, as follows:

> (a) Notice of Proposed Use, Sale, or Lease of Property. Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) . . . .

Fed.R.Bankr.P. 6004.

Federal Rule of Bankruptcy Procedure 9007 provides, in pertinent part, as follows:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

Fed.R.Bankr.P. 9007.

22. Olmos contends that the forms of notice set forth above and the period for scheduling the hearing on the sale comport with Bankruptcy Rules 6004, 6006 and 9007, constitute good and sufficient notice of the relief sought herein and of all hearings and procedures contemplated hereby.

**Waiver of 14-Day Stay on Closing**

23. Bankruptcy Rules 6004(h) provide that an order authorizing the use, sale, or lease of property and an order authorizing the assumption and assignment of executory contracts or unexpired leases will be stayed for fourteen (14) days after entry of such approval orders unless the

court orders otherwise. Because of the need to close the transactions contemplated herein as promptly as possible, Olmos request that the Court order and direct that the order approving this Motion shall not be automatically stayed for fourteen (14) days.

24. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Olmos Equipment Inc. respectfully request that the Court grant this Motion and enter an order providing relief as requested hereinabove, and granting such other and further relief as may be just and proper.

Respectfully submitted on July 11th, 2017,

>
> LAW OFFICES OF WILLIAM B. KINGMAN, P.C.
> 3511 Broadway
> San Antonio, Texas 78209
> Telephone: (210) 829-1199
> Facsimile: (210) 821-1114
>
> By: */s/ William B. Kingman*
> William B. Kingman, State Bar No. 11476200
> **COUNSEL FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been transmitted pursuant to the applicable rules (via electronic transmittal and/or via US First Class Mail, postage prepaid) to the following parties in interest and to the parties on the attached Service List on July 11th, 2017.

Charles A. Timms, Jr.
12685 Somerset Road
Von Ormy, Texas 78073

>  */s/ William B. Kingman*
> William B. Kingman

# LIMITED SERVICE LIST
## CASE NO.   16-51834

**DEBTOR AND COUNSEL**

Olmos Equipment Inc.
Attn: Larry Struthoff
PO Box 769020
San Antonio, TX  78245

Law Offices of William B. Kingman, PC
4040 Broadway, Suite 350
San Antonio, TX  78209

Eric Terry Law, PLLC
4040 Broadway, Suite 350
San Antonio, YX 78209

**GOVERNMENTAL ENTITIES**

Attorney General of U.S.
950 Pennsylvania Ave. NW
Washington, DC 20530

U.S. Trustee
615 E. Houston, Rm 533
San Antonio, TX 78295-1539

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

U.S. Attorney
Attn: BKCY Dept
601 NW Loop 410, Suite 600
San Antonio, TX 78216

Texas Comptr of Public Accts
P.O. Box 13528
Austin, TX 78711-3528

Texas Railroad Commission
Enforcement Division
Office of General Counsel
P.O. Box 12967
Austin, TX 78711

Bexar County Tax A/C
P.O. Box 839950
San Antonio, TX 78283-3950

**SECURED CREDITORS**

Caterpillar Financial
2120 West End Avenue
PO Box 340001
Nashville, TN 37203

Frost Bank
100 W. Houston
San Antonio, TX 78205

Albert Uresti, M. P.A.
Bexar County Tax Assessor
233 N. Pecos La Trinidad
Viste Verde Bldg, 2nd Floor
San Antonio, TX 78207

Ally Financial
Payment Processing Center
PO Box 78234
Phoenix, AZ 85062

De Lage Landen Financial Svcs
PO Box 41602
Philadelphia, PA 19101

Financial Pacific Leasing, Inc.
PO Bix 4568
Federal Way, WA 98063

John Deere Financial
Leasing Dept.
PO Box 6600
Johnston, IA 50131

Wells Fargo Financial Leasing
#901363999
PO Box 105743
Atlanta, GA 300348

**20 LARGEST UNSECURED**

James C. Weynand
c/o JTJB Enterprises
610 E. Market St., #3216
San Antonio, TX 78205-2740

Frost Bank
100 W. Houston
San Antonio, TX 78205

Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., #500
San Antonio, TX 78212

Internal Revenue Service
8700 Tesoro Drive
STOP 5340 SANC
San Antonio, TX 78217-6207

Holt CAT
19565 South W.W. White Rd.
San Antonio, TX 78222

Caterpillar Financial
2120 West End Ave.
PO Box 340001
Nashville, TN 37203-0001

John Deere Financial Leasing Dept.
PO Box 6600
Johnston, IA 50131-6600

Fuquay, Inc.
PO Box 310946
New Braunfels, TX 78131-0946

Pipelayers, Inc.
7580 Grissom
San Antonio, TX 78251

John C. Chunn
PO Box 396
1510 Avenue M, Ste. 102
Honda, TX 78861

Martin Marietta Materials, Inc.
5710 W. Hausman Rd., #121
San Antonio, TX 78219

Liberty Mutual Insurance
PO Box 8017
Wausau, WI 54402-8017

Texas Workforce Commission
101 E. 15th St.
Austin, TX 78778

Legal Concierge, Inc.
3975 McCreary Rd.
Allen, TX 75002

Lone Star Paving
11675 Jollyville, Ste. 150
Austin, TX 78759

National Funding – Wall Funding
9820 Towne Center Dr., Ste. 200
San Diego, CA 92121

Carlos Villareal Construction
9914 Tezel Rd.
San Antonio, TX 78254

IBTX Risk Services
10101 Reunion Place, Ste. 100
San Antonio, TX 78260

Cribley Enterprises, Inc.
12019 Nacogdoches Rd.
San Antonio, TX 78217

SA Quality Fence, Ltd.
13115 Wetmore Rd.
San Antonio, TX 78247

**PARTIES REQUESTING NOTICE**

Bethany F. Thompson
Thomas J. Walthall
Gardner Law
745 East Mulberry Ave., Ste. 500
San Antonio, TX 78212

Embrey Builders, LLC
c/o Gardner Law
745 East Mulberry Ave., Ste. 500
San Antonio, TX 78212

APAC-Texas, Inc.
c/o Gardner Law
745 East Mulberry Ave., Ste. 500
San Antonio, TX 78212

Robert L. Barrows
Warren, Drugan & Barrows, P.C.
800 Broadway
San Antonio, TX 78215

Randall A. Pulman
Thomas Rice
Ryan C. Reed
Pulman, Cappuccio, Pullen, Benson & Jones, LLP
2161 NW Military Hwy., Ste. 400
San Antonio, TX 78213

Don Stecker
Linebarger Goggan Blair & Sampson, LLP
711 Navarro St., Ste. 300
San Antonio, TX 78205

Attn: Gary W. Wright
United States Attorney for the Western District of Texas
601 NW Loop 410, Ste. 600
San Antonio, TX 78216

Jay W. Hurst
Assistant Attorney General
Bankruptcy & Collection Division
PO Box 12548
Austin, TX 78711-2548

Lisa M. Norman
Andrew Myers, P.C.
3900 Essex Lane, Suite 800
Houston, TX 77027-5198

Calvin L. Cowan
Sanderford & Carroll, P.C.
210 Birdcreek Dr.
Temple, TX 76502

Keith P. Miller
Law Offices of Keith P. Miller, P.C.
14350 Northbrook Dr., Ste, 150
San Antonio, TX 78232

Michael L. Davis
14350 Northbrook Dr., Ste. 150
San Antonio, TX 78232

Ed Phillips, Jr.
E. Phillips Legal, P.C.
215 W. Bandera, Ste. 476-114
Boerne, TX 78006

John M. Castillo
Farrimond Castillo &
Bresnahan, P.C.
130 E. Travis St., Ste. 350
San Antonio, TX 78205

Beth Horton
Caterpillar Financial Services
Corporation

2120 West End Avenue
Nashville, TN 37203

Frank J. Wright
Coats Rose, P.C.
14755 Preston Rd., Ste. 600
Dallas, TX 75254

Zachary J. Fanucchi

Barton, East & Caldwell,
P.L.L.C.
700 N. St. Mary's Street,
Suite 1825
San Antonio, Texas 78205

Randolph Osherow
342 W. Woodlawn, Ste. 300
San Antonio, TX 78212